IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY HART,

      Plaintiff,

vs.

PAE GOVERNMENT SERVICES INCORPORATED,

      Defendant.

No. CIV S-10-1672 FCD EFB PS

ORDER

_____/

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action, which was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On October 12, 2010, plaintiff filed a motion for summary judgment. Dckt. No. 6. However, the summary judgment motion does not comply with the requirements set forth in Local Rules 230(b) and 260(a). *See* E.D. Cal. L.R. 230(b) ("[A]ll motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file with the Clerk a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion."); 260(a) ("Each motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading,

1

affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact.").

Further, defendant has not yet answered plaintiff's complaint or otherwise appeared in this action, and it does not appear that defendant has been served. On August 31, 2010, the undersigned directed the clerk to provide plaintiff with the forms required to effect service on defendant and directed plaintiff to provide to the U.S. Marshal within fourteen days all information needed to effect service of process and to file a statement with the court within fourteen days thereafter that the documents were submitted. Dckt. No. 3. The August 31 order further directed the U.S. Marshal to serve process on defendant within 90 days of receipt of the required information from plaintiff. *Id.* Although plaintiff failed to file a statement indicating that the necessary service documents were submitted to the U.S. Marshal, on October 4, 2010, a representative from the U.S. Marshal's Office informed the undersigned's staff that the service documents were received from plaintiff on September 9, 2010 and that a waiver of service of process had not yet been sent to defendant. Therefore, the motion for summary judgment is premature. *See Martinez v. Whitman*, 2010 WL 475347, at *1 (E.D. Cal. Feb. 4, 2010) (citing *Portsmouth Square, Inc., v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) ("The case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence."); *see also Young v. Nooth*, 2009 WL 995074, at *1 (D. Or. Apr. 13, 2009).

Accordingly, plaintiff's motion for summary judgment, Dckt. No. 6, is denied without prejudice.

SO ORDERED.

DATED: November 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2