IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY HART,

      Plaintiff,   No. CIV S-10-1672 FCD EFB PS

   vs.

PAE GOVERNMENT SERVICES INCORPORATED,   ORDER

      Defendant.

      /

    This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On March 1, 2011, plaintiff filed a motion for summary judgment.[1] Dckt. No. 22. However, the summary judgment motion does not comply with the requirements set forth in Local Rules 230(b) and 260(a), in that it was not noticed for hearing, does not contain any supporting authority or evidence, and was not accompanied by a Statement of Undisputed Facts. *See* E.D. Cal. L.R. 230(b) ("[A]ll motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file with the Clerk a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the

---

[1] Plaintiff also filed a motion for summary judgment on October 12, 2010, which was denied without prejudice as premature and procedurally improper. Dckt. Nos. 6, 7.

1

moving party intends to submit in support of the motion."); 260(a) ("Each motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact.").

Further, the motion fails to indicate why or how plaintiff is entitled to summary judgment and is nearly unintelligible. A party seeking summary judgment bears the responsibility of informing the district court and the opposing party of the specified ground for its motion. *Katz v. Children's Hosp. of Orange County*, 28 F.3d 1520, 1534 (9th Cir. 1994).

Finally, it appears plaintiff's motion is premature since defendant has noticed the deposition of plaintiff for May 2011 and has served written discovery, but has not yet been able to complete that discovery. Def.'s Opp'n, Dckt. No. 23 at 2. Defendant contends that "[t]he facts developed in discovery will be essential to justify Defendant's opposition to the Motion." *Id.* (citing *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981)); *see also Martinez v. Whitman*, 2010 WL 475347, at *1 (E.D. Cal. Feb. 4, 2010) (citing *Portsmouth Square, Inc., v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) ("The case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence.").

Accordingly, plaintiff's motion for summary judgment, Dckt. No. 22, is denied without prejudice.

SO ORDERED.

DATED: March 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE