IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY HART,

       Plaintiff,                         No. CIV S-10-1672 KJM EFB PS

       vs.

PAE GOVERNMENT SERVICES
INCORPORATED,

       Defendant.                   <u>ORDER</u>

_____/

       On June 22, 2011, the court heard defendant's motion to compel plaintiff to respond to defendant's First Set of Requests for Production of Documents pursuant to Federal Rule of Civil Procedure ("Rule") 37(a) and to produce all responsive documents, Dckt. No. 25; defendant's motion to compel plaintiff's deposition pursuant to Rule 37(a), Dckt. No. 26; and defendant's related requests for expenses pursuant to Rule 37(d).  Attorney Jean Kosela appeared at the hearing on behalf of defendant; plaintiff failed to appear.  As stated on the record, and for the reasons stated on the record at the hearing, defendant's motions to compel are granted and defendant's related requests for expenses are granted in part.

I.    <u>Motion to Compel Response to First Set of Requests for Production of Documents</u>

       On March 8, 2011, defendant served its first set of First Set of Requests for Production of Documents on plaintiff.  Dckt. No. 25-2, Cheng Decl. ¶ 2; Ex. A.  Plaintiff failed to respond to

the document requests.  Cheng Decl. ¶ 3.  Defendant then sent a meet and confer letter to

plaintiff inquiring about the responses, but plaintiff again failed to respond.  Cheng Decl., ¶¶ 4,

5; Ex. B.  Given plaintiff's utter failure to respond, defendant next filed a motion to compel

plaintiff to respond to the requests.  *See* Dckt. No. 25.  In violation of the court's Local Rules,

plaintiff failed to file an opposition or a statement of non-opposition to the motion.  Accordingly,

on May 20, 2011, the undersigned ordered plaintiff to show cause why he should not be

sanctioned for his failures and directed plaintiff to file a response to the motion to compel.  Dckt.

No. 28.

On May 25, 2011, plaintiff filed a response.  Dckt. Nos. 29, 30.  He argues that (1) most

of the records sought by the defense are not related to this case, including plaintiff's

unemployment records since his departure from defendant's employment; (2) most of the

requested records are part of plaintiff's EEOC file; and (3) plaintiff does not have access to the

addresses of his associates with whom he worked in Djibouti.  Dckt. No. 29.  Plaintiff also

attached almost 200 pages of documents which he contends are responsive to the requests for

production of documents.[1]  Dckt. Nos. 29, 30.  However, plaintiff then failed to appear at the

hearing on the motion to compel.

Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order

compelling an answer, designation, production, or inspection . . . if: . . .(iv) a party fails to

respond that inspection will be permitted--or fails to permit inspection--as requested under Rule

34."  Additionally, Rule 37(a)(4) provides that evasive or incomplete disclosures are to be

treated as a failure to respond.  Here, although plaintiff objects to some of the document

requests, as discussed above, the undersigned finds that those objections were waived by

plaintiff's failure to timely respond to the document requests and his lack of justification for that

---

[1]  Plaintiff also seems to suggest in his opposition that he had previously produced the
documents to defendant.  Dckt. No. 29.  However, at the hearing, defendant contended that it had
not received the documents prior to plaintiff's recent submission.

failure.  Because it is unclear whether plaintiff's recent submission of documents is fully responsive to defendant's First Set of Requests for Production of Documents, defendant's motion to compel is granted.  Within twenty-one days of the date of this order, plaintiff shall produce all documents responsive to defendant's First Set of Requests for Production of Documents, without objection, or shall provide a written verification under penalty of perjury that he has conducted a reasonable search for, and has already produced, all such responsive documents within his possession, custody, or control.

Defendant also seeks sanctions in the amount of $2,299.50 against plaintiff for failing to respond to the discovery requests without any substantial justification.  Dckt. No. 25-1; Cheng Decl. ¶ 6.  It is clear that defendant is entitled to sanctions pursuant to Rule 37(d)(1)(A)(ii), which provides that the court may order sanctions if "a party, after being properly served with . . . a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  *See also* Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."); Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").  In light of plaintiff's pro se status, the undersigned finds that an award of the entire amount sought by defendant would be unjust.  Instead, plaintiff shall pay $1000.00 to defendant's counsel within thirty days of the date of this order to cover some of the expenses caused by plaintiff's failure to respond to defendant's document requests.  However, plaintiff is hereby admonished that he must become familiar and comply with his discovery obligations under the Federal Rules of Civil Procedure and his pro se status does not excuse that requirement and will not preclude future sanctions for violation of the federal or local rules, or orders of the

1  court.

2  II.   <u>Motion to Compel Plaintiff's Deposition</u>

3       On March 8, 2011, defendant served plaintiff a notice to take his deposition on May 5,

4  2011.  Dckt. No. 26-2, Cheng Decl., ¶ 2; Ex. A.  However, on May 5, 2011, plaintiff failed to

5  appear for his deposition, even though counsel for defendant never received an objection or any

6  communication from plaintiff to justify his refusal to appear for his deposition.  Cheng Decl. ¶ 3.

7  Defendant then filed a motion to compel plaintiff to appear for his deposition, but plaintiff failed

8  to file an opposition or a statement of non-opposition to the motion, as required by the Local

9  Rules.  *See* Dckt. No. 26.  Accordingly, on May 20, 2011, the undersigned ordered plaintiff to

10 show cause why he should not be sanctioned for his failures and directed plaintiff to file a

11 response to the motion to compel.  Dckt. No. 28.

12      Plaintiff filed a response on May 25, 2011, but did not address his failure to appear for

13 his noticed deposition and did not provide any justification for that failure.  *See generally* Dckt.

14 Nos. 29, 30.  Then, as noted above, plaintiff failed to appear at the hearing on the motion to

15 compel.

16      Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order

17 compelling an answer, designation, production, or inspection . . . if: . . . (i) a deponent fails to

18 answer a question asked under Rule 30 or 31."  Because plaintiff failed to appear for his

19 deposition, and has provided no justification for that failure, defendant's motion to compel is

20 granted.  Within sixty days of the date of this order, at a specific date and time to be noticed by

21 defendant, plaintiff shall appear for his deposition without objection.

22      Defendant also seeks sanctions against plaintiff in the amount of $2,410.25 for causing

23 defendant to have to unnecessarily incur costs and fees related to plaintiff's nonappearance at the

24 noticed deposition.  Dckt. No. 26-1; *see also* Cheng Decl., ¶¶ 4-5; Ex. C.  The undersigned

25 agrees that defendant is entitled to sanctions pursuant to Rule 37(d)(1)(A)(i), which provides that

26 the court may order sanctions if "a party . . . fails, after being served with proper notice, to

4

appear for that person's deposition."  *See also* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").  However, again in light of plaintiff's pro se status, the undersigned finds that an award of the entire amount sought by defendant would be unjust although plaintiff has now been warned.  Instead, plaintiff shall pay to defendant's counsel within thirty days of the date of this order $603.50 to cover the cost of the court reporter and videographer at the May 5, 2011 deposition, as well as $328.50 to cover one hour of attorney preparation time in advance of the deposition.

III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to compel plaintiff to respond to defendant's First Set of Requests for Production of Documents is granted and defendant's related request for sanctions is granted in part.  Dckt. No. 25.

2.  Within twenty-one days of the date of this order, plaintiff shall produce all documents responsive to defendant's First Set of Requests for Production of Documents, without objection, or shall provide a verification under penalty of perjury that, after a reasonable search, plaintiff has already produced all responsive documents within his possession, custody, or control.

3.  Defendant's motion to compel plaintiff's deposition is granted and defendant's related request for sanctions is granted in part.  Dckt. No. 26.

4.  Within sixty days of the date of this order, at a specific date and time to be noticed by defendant, plaintiff shall appear for his deposition without objection.

5.  Within thirty days of the date of this order, plaintiff shall pay $1932.00 (based on the awards of $1000.00, $603.50, and $328.50 addressed above) to defendant's counsel.

/////

6.  Plaintiff is admonished that continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including additional monetary sanctions and/or terminating sanctions which would result in the dismissal of this action.

SO ORDERED.

DATED:  June 28, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE