IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY HART,

      Plaintiff,                                    No. CIV S-10-1672 FCD EFB PS

      vs.

PAE GOVERNMENT SERVICES INCORPORATED,

      Defendant.                             <u>ORDER</u>

                                    /

      This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On July 5, 2011, plaintiff filed his third motion for summary judgment in this action.[1] Dckt. No. 22. However, once again, plaintiff's summary judgment motion does not comply with the requirements set forth in Local Rules 230(b) and 260(a), in that it was not noticed for hearing, does not contain any supporting authority or evidence, and was not accompanied by a Statement of Undisputed Facts. *See* E.D. Cal. L.R. 230(b) ("[A]ll motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file with the Clerk a

---

[1] Plaintiff also filed motions for summary judgment on October 12, 2010 and March 1, 2011, which were denied without prejudice as premature and procedurally improper. Dckt. Nos. 6, 7, 22, 24.

1

notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion."); 260(a) ("Each motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact.").

Further, once again, the motion fails to indicate why or how plaintiff is entitled to summary judgment and is nearly unintelligible. A party seeking summary judgment bears the responsibility of informing the district court and the opposing party of the specified ground for its motion. *Katz v. Children's Hosp. of Orange County*, 28 F.3d 1520, 1534 (9th Cir. 1994).

Finally, it appears plaintiff's motion is still premature since the court recently granted defendant's motion to compel plaintiff's deposition and responses to document requests, in which defendant indicated that plaintiff has not appeared for his deposition and has not responded to any of defendant's discovery requests.[2] Dckt. No. 33. Although the court has construed plaintiff's objections to that order as a motion for reconsideration, which will be heard on August 3, 2011, it is apparent that defendant has not yet been able to complete discovery in this action. *See* Dckt. No. 23 at 2 (citing *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981)); *see also Martinez v. Whitman*, 2010 WL 475347, at *1 (E.D. Cal. Feb. 4, 2010) (citing *Portsmouth Square, Inc., v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) ("The case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence.").

---

[2] Plaintiff's summary judgment motion also appears to include a request that he not have to appear for his deposition. Dckt. No. 38 at 2. However, because that request is procedurally improper and plaintiff has not shown that he is entitled to such relief, the request is denied.

1  Accordingly, plaintiff's motion for summary judgment, Dckt. No. 38, is denied without
2 prejudice.
3  SO ORDERED.
4 DATED: July 11, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3