IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY HART,

        Plaintiff,                           No. CIV S-10-1672 KJM EFB PS

    vs.

PAE GOVERNMENT SERVICES
INCORPORATED,

        Defendant.                      ORDER

/

       This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 10, 2011, defendant filed an ex parte application to modify the status (pretrial scheduling) order in this action, contending that the schedule should be modified because, to date, plaintiff has failed to respond to any discovery or appear for his deposition. Dckt. No. 49; *see also* Dckt. No. 17.

       Defendant notes that on August 5, 2011, the court ordered plaintiff to respond to defendant's first request for production of documents, produce responsive documents, appear for his deposition, and pay monetary sanctions, but argues that because defendant was unable to obtain discovery from plaintiff for more than seven months, the scheduling order should be modified. Dckt. No. 49-1 at 3; *see also* Dckt. Nos. 33, 47. Defendant contends that it needs additional time to "to complete discovery, file further discovery and/or dispositive motions, and

1

to determine whether expert witnesses are necessary based on the information Plaintiff has been compelled to provide in discovery (assuming Plaintiff complies with this Court's orders)," and therefore seeks to continue all of the remaining dates in this action for at least three months. Dckt. No. 49-1 at 2, 6.  Defendant notes that it was unable to secure a stipulation from plaintiff to modify the scheduling order despite making a good faith attempt to do so.  *Id.* at 6.

Plaintiff opposes the application, arguing that defendant's request for an extension of time, which is defendant's second such request, is really a "stall for time."  Dckt. No. 48 at 1.

A Rule 16 scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence.[1]  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*  Here, in light of plaintiff's numerous failures to respond to defendant's discovery requests and the amount of time defendant was required to expend in order to obtain a court order compelling plaintiff to respond to those requests, defendant's ex parte application to modify the scheduling order is supported by good cause and will be granted.

Additionally, on August 15, 2011, plaintiff filed a notice of submission of documents "in compliance [with the] order for production of documents."  Dckt. No. 53.  Plaintiff also submitted a flash drive containing numerous documents.  *Id.*  Plaintiff sent the documents to the court and to defendant.  *Id.* at 2.  However, plaintiff's responses to defendant's discovery requests need not be filed with the court.  *See* E.D. Cal. L.R. 250.3(c); *see also* Dckt. No. 47

---

[1] Local Rule 144, which permits matters to be heard on shortened time, provides that "[a]pplications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action."

(requiring the documents to be produced to defendant). Moreover, many of the documents on the flash drive appear to contain confidential, private information which must be redacted before being filed on the public docket. *See* L.R. 140(a). Therefore, the Clerk of Court will be directed to return the flash drive to plaintiff without filing a copy of the documents contained therein.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's ex parte application to modify the status (pretrial scheduling) order, Dckt. No. 49, is granted.

2. The status (pretrial scheduling) order, Dckt. No. 17, is modified as follows:

   a. The parties shall make their expert disclosures on or before November 7, 2011, as described in the January 7, 2011 status (pretrial scheduling) order.

   b. All discovery must be completed by January 13, 2012. Motions to compel discovery are to be noticed for hearing no later than December 12, 2011, as more specifically described in the January 7, 2011 status (pretrial scheduling) order. As provided in that order, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

   c. All pretrial motions, except motions to compel discovery, shall be completed on or before March 14, 2012.

   d. The final pretrial conference is continued to June 20, 2012 at 11:00 a.m. in Courtroom No. 3 before Judge Kimberly J. Mueller. The parties shall file pretrial statements in accordance with Local Rules 281 and 282.

   e. The jury trial shall commence before Judge Kimberly J. Mueller on September 24, 2012 at 9:00 a.m. in Courtroom No. 3.

////

////

////

1       3. The Clerk of Court is directed to return to plaintiff the flash drive that plaintiff
2  submitted to the court on August 15, 2011, Dckt. No. 53, without filing a copy of the documents
3  contained therein.
4       SO ORDERED.
5  DATED: August 22, 2011.

　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE