IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY HART,

       Plaintiff,                  No. CIV S-10-1672 KJM EFB PS

   vs.

PAE GOVERNMENT SERVICES
INCORPORATED,

       Defendant.           <u>ORDER</u>

_____/

     Defendant PAE Government Services, Inc. moves for an order compelling plaintiff to

respond to defendant's First Set of Special Interrogatories, without objection.  Dckt. No. 52.

Defendant also seeks sanctions in the amount of $2,299.50 against plaintiff for failing to respond

to written discovery without any substantial justification.  *Id.*  The motion is noticed for hearing

on August 31, 2011, pursuant to Eastern District of Local Rule 251(e), which provides that a

discovery motion may be filed on fourteen days' notice "when there has been a complete and

total failure to respond to a discovery request or order."  E.D. Cal. L.R. 251(e).  Defendant

contends that "[p]laintiff completely failed to respond to any of Defendant's duly served written

discovery."  Dckt. No. 52 at 2.  Based on defendant's motion, it appears that defendant's only

attempt to meet and confer with plaintiff was through a letter defendant sent to plaintiff on

August 11, 2011, which defendant contends plaintiff did not respond to.  Dckt. No. 52-2, ¶¶ 4-5.

Defendant contends this amounted to a "good faith attempt to meet and confer with Plaintiff regarding his failure to respond to Defendant's written discovery prior to filing [the] motion [to compel, but that] Plaintiff never responded . . . ." *Id.* ¶ 7.

On August 22, 2011, plaintiff filed a document in which plaintiff contends he "did in good faith make a timely reply to the defendant's discovery packet about ten days after it was received by me." Dckt. No. 55. Plaintiff further contends that defendant's "counsel made no attempt to contact [him] for any discussion," and that when plaintiff made a phone call to defendant's counsel's office, counsel's response was that he would not help plaintiff. *Id.* at 2. Plaintiff contends that he interpreted that to mean that defendant's counsel "wanted no dialogue." *Id.*

Although plaintiff appears to be mistaken about his obligations to respond to discovery under the Federal Rules of Civil Procedure and therefore has not satisfied many of those obligations,[1] it also does not appear that plaintiff has completely failed to respond to discovery or that the parties have adequately met and conferred regarding the discovery issue at hand. Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party

---

[1] Plaintiff seems to be suggesting that his production of certain documents to defense counsel satisfied those obligations. However, defendant's motion to compel addresses plaintiff's failure to respond to defendant's special interrogatories, which are different than document requests. Federal Rule of Civil Procedure 33(b) provides that the party responding to interrogatories must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). The Rule further provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(3)-(5). Plaintiff is reminded that he has an obligation to comply with the Federal Rules of Civil Procedure and this court's Local Rules, and that he therefore needs to familiarize himself with all of those rules.

1    shall be responsible for arranging the conference, which shall be held at a time and place and in a

2    manner mutually convenient to counsel." *Id.*   Additionally, Federal Rule of Civil Procedure

3    37(a)(1) provides that a motion to compel discovery "must include a certification that the movant

4    has in good faith conferred or attempted to confer with the person or party failing to make

5    disclosure or discovery in an effort to obtain it without court action."  Rule 37(d)(1)(B) further

6    provides that "[a] motion for sanctions for failing to answer or respond must include a

7    certification that the movant has in good faith conferred or attempted to confer with the party

8    failing to act in an effort to obtain the answer or response without court action."

9        Here, although defendant sent plaintiff a letter on August 11, 2011, which defendant

10   contends plaintiff ignored, the letter was sent a mere five days before the motion to compel was

11   filed.  Additionally, even though plaintiff has expressed concerns in the past about not timely

12   receiving things sent to plaintiff via mail in the past and has demonstrated confusion about his

13   discovery obligations, no attempt was made by defense counsel to meet and confer with plaintiff

14   either in person or telephonically, which would have been consistent with "an effort to obtain

15   [the discovery responses] without court action."   The court believes that much of the dispute

16   between the parties might have been resolved prior to the filing of the present motion to compel

17   had the parties had a meaningful discussion either in person or telephonically regarding the

18   discovery requests at issue.

19       Accordingly, defendant's motion to compel plaintiff to respond to defendant's special

20   interrogatories is denied without prejudice, and the August 31, 2011 hearing on that motion is

21   vacated.  The parties are directed to meet and confer either telephonically or in person in an

22   effort to resolve this dispute without court intervention.  If such meet and confer efforts do not

23   resolve the discovery dispute, defendant may re-notice the motion to compel for hearing.

24       Additionally, in plaintiff's August 22, 2011 filing, he contends that he will not attend a

25   deposition that defendant noticed for August 26, 2011 because the deposition was noticed to take

26   place in San Francisco.  Dckt. No. 55 at 2.  To the extent plaintiff's filing is construed as an ex

3

1    parte application to have a motion for a protective order to change the place of plaintiff's

2    deposition heard on shortened time, that application is denied without prejudice because plaintiff

3    has not made, at this time, the requisite showing for such an ex parte application under Local

4    Rule 144(e) or for a protective order under Federal Rule of Civil Procedure 26(c)(1).[2]  E.D. Cal.

5    L.R. 144(e) ("Applications to shorten time shall set forth by affidavit of counsel the

6    circumstances claimed to justify the issuance of an order shortening time [and] will not be

7    granted except upon affidavit of counsel showing a satisfactory explanation for the need for the

8    issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of

9    such an order from other counsel or parties in the action."); Fed. R. Civ. P. 26(c)(1) ("for good

10    cause, [the court may] issue an order to protect a party or person from . . . undue burden or

11    expense, . . . specifying terms, including time and place, for the disclosure or discovery."); *see*

12    *also James Brooks Co. v. Certain Underwriters at Lloyd's London*, 2006 WL 2168195, at *3

13    (E.D. Cal. July 31, 2006) ("The Court has considerable discretion in determining the place of a

14    deposition, may consider the relative expenses of the parties and may order that expenses be paid

15    by the opposing party.").

16        Further, plaintiff's August 22, 2011 filing also appears to seek reconsideration of an

17    August 5, 2011 order granting defendant discovery sanctions, as well as a request for

18    reconsideration of an August 22, 2011 order granting defendant's ex parte application to modify

19    the scheduling order in this case.  Dckt. No. 55 at 2-3; *see also* Dckt. Nos. 47 and 54.  For the

20    reasons stated by the court in the original order granting defendant discovery sanctions, as well

21    as for the additional reasons stated at the hearing on plaintiff's earlier motion for reconsideration

22    of the sanctions order and in the order denying that motion for reconsideration, Dckt. Nos. 33

23    and 47, plaintiff's present motion for reconsideration of the discovery sanctions order is denied.

24    ////

25

26        [2] That being said, the parties are strongly advised to meet and confer telephonically regarding this issue in an attempt to resolve the dispute without the need for court intervention.

Also, because plaintiff has not shown that there are any grounds for reconsidering the order granting defendant's ex parte application to modify the scheduling order in this case, Dckt. No. 47, plaintiff's request for reconsideration of that order is also denied.

In summary, IT IS HEREBY ORDERED that:

1.  Defendant's motion to compel plaintiff to respond to defendant's special interrogatories, Dckt. No. 52, is denied without prejudice, and the August 31, 2011 hearing on that motion is vacated.

2.  The parties are directed to meet and confer either telephonically or in person in an effort to resolve the discovery dispute without court intervention.

3.  To the extent plaintiff's August 22, 2011 filing is construed as an ex parte application to have a motion for a protective order heard on shortened time, that application is denied without prejudice.

4.  To the extent plaintiff's August 22, 2011 is construed as a motion for reconsideration of the August 5, 2011 order granting defendant discovery sanctions, that motion for reconsideration is denied.

5.  To the extent plaintiff's August 22, 2011 is construed as a motion for reconsideration of the August 22, 2011 order granting defendant's ex parte application to modify the scheduling order, that motion for reconsideration is also denied.

Dated:  August 25, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE