1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN HENRY HART,

11          Plaintiff,                    No. CIV S-10-1672 KJM EFB PS

12      vs.

13   PAE GOVERNMENT SERVICES
     INCORPORATED,
14
            Defendant.                    <u>ORDER</u>
15   _____/

16          Plaintiff is proceeding *pro se* and *in forma pauperis* in this action, which was referred to

17   the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C.

18   § 636(b)(1).

19          On September 6, 2011, plaintiff filed a "Dispute Resolution Motion."  Dckt. No. 59.

20   Plaintiff states that he "motions the courts as well as the defense in [its] recognition of the

21   economic burdens faced by this case, we seek means to resolve this matter by:  (1) Plaintiff and

22   the Counsel for the defense, (2) ADR Judge, (3) Trial before Jury."  *Id.*  Because it is unclear

23   what relief plaintiff seeks in his motion, the motion will be denied without prejudice.  Plaintiff is

24   reminded, however, that he is free to work with defendant's counsel toward settlement of the

25   ////

26   ////

1

case,[1] and the parties are also free to participate in any private Alternative Dispute Resolution ("ADR") process. Additionally, notwithstanding Local Rule 271(a)(2)(ii), if both plaintiff and defendant so desire, they may file a request that this action be referred to the court's Voluntary Dispute Resolution Program ("VDRP") by filing a Stipulation and Order reflecting the agreement of all parties to submit the action to the VDRP pursuant to Local Rule 271. *See* E.D. Cal. L.R. 143; 271(I). Finally, if both parties conclude that a court settlement conference would likely resolve the case, they may contact the clerk to request that one be scheduled.

Additionally, on September 13, 2011, plaintiff filed a "Motion for Relief." Dckt. No. 60. Although it is not labeled as such, it appears to be plaintiff's fourth motion for summary judgment in this action.[2] Dckt. No. 22. However, once again, plaintiff's motion does not comply with the requirements set forth in Local Rules 230(b) and 260(a), in that it was not noticed for hearing, does not contain any supporting authority or evidence, and was not accompanied by a Statement of Undisputed Facts. *See* E.D. Cal. L.R. 230(b) ("[A]ll motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file with the Clerk a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion."); 260(a) ("Each motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact."). Therefore, plaintiff's motion for relief, Dckt. No. 60, will be denied without prejudice.

---

[1] Plaintiff and defendant's counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. *See* E.D. Cal. L.R. 160.

[2] Plaintiff also filed motions for summary judgment on October 12, 2010, March 1, 2011, and July 5, 2011, which were denied without prejudice as premature and procedurally improper. Dckt. Nos. 6, 7, 22, 24, 38, 40.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's dispute resolution motion, Dckt. No. 59, is denied without prejudice; and

2. Plaintiff's motion for relief, Dckt. No. 60, is also denied without prejudice.

DATED:   September 15, 2011

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE