IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY HART,

      Plaintiff,                                    No. CIV S-10-1672 KJM EFB PS

      vs.

PAE GOVERNMENT SERVICES INCORPORATED,

      Defendant.                                 <u>ORDER</u>

/

      This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 4, 2011, defendant filed a motion for summary judgment and noticed the motion for hearing on December 7, 2011. Dckt. No. 62.

      Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to defendant's motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by November 23, 2011. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion for summary judgment, Dckt. No. 62, is continued to January 25, 2012.

2. Plaintiff shall show cause, in writing, no later than January 4, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than January 4, 2012.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

////
////
////
////
////

5. Defendant may file a reply to plaintiff's opposition, if any, on or before January 18, 2012.

SO ORDERED.

Dated:  November 29, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3