1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN HENRY HART,

11              Plaintiff,              No. CIV S-10-1672 KJM EFB PS

12        vs.

13   PAE GOVERNMENT SERVICES
     INCORPORATED,
14
              Defendant.              ORDER
15   _____/

16        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

17   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On November

18   4, 2011, defendant filed a motion for summary judgment and noticed the motion for hearing on

19   December 7, 2011.  Dckt. No. 62.  However, because plaintiff filed to timely file either an

20   opposition or a statement of non-opposition to defendants' motion, on November 29, 2011, the

21   undersigned continued the hearing on defendants' motion to January 25, 2012, ordered plaintiff

22   to show cause why he should not be sanctioned for his failure, and directed plaintiff to file an

23   opposition or a statement of non-opposition to the motion.  Dckt. No. 63.

24        Plaintiff has since filed an opposition to the motion and a response to the order to show

25   cause.  Dckt. Nos. 64, 65.  In light of plaintiff's response, the November 29, 2011 order to show

26   cause will be discharged.  However, the hearing on defendants' motion will once again be

1

1  continued because plaintiff's opposition does not comply with the Federal Rules of Civil

2  Procedure or this court's Local Rules.

3       Specifically, Local Rule 260(b) provides that "[a]ny party opposing a motion for

4  summary judgment or summary adjudication shall reproduce the itemized facts in the Statement

5  of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed,

6  including with each denial a citation to the particular portions of any pleading, affidavit,

7  deposition, interrogatory answer, admission, or other document relied upon in support of that

8  denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise

9  'Statement of Disputed Facts,' and the source thereof in the record, of all additional material

10  facts as to which there is a genuine issue precluding summary judgment or adjudication," and

11  that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in

12  the opposing papers."

13       Additionally, the court informs plaintiff of the following with respect to opposing a

14  motion for summary judgment under Fed. R. Civ. P. 56: Such a motion is a request that the

15  court grant judgment in defendants' favor without trial. A motion for summary judgment will

16  set forth the facts that defendants assert are not reasonably subject to dispute and that entitle

17  them to judgment under applicable law. To oppose a motion for summary judgment, plaintiff

18  must show proof of his claims. To do this, he may rely upon statements made in the complaint

19  under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the

20  matters stated and plaintiff specifies the parts of the complaint upon which he relies. Plaintiff

21  also may file one or more affidavits or declarations setting forth the facts that plaintiff believes

22  prove his claims, as long as the person who signs it has personal knowledge of the facts stated.

23  Plaintiff may rely on written records, but he must prove they are what he asserts them to be.

24  Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e,

25  answers to interrogatories, admissions and deposition transcripts. If plaintiff fails to contradict

26  defendants' evidence with counter-affidavits or other admissible evidence, the court may accept

defendants' evidence as true and grant the motion.  If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion.  If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

In light of plaintiff's pro se status, plaintiff will be given an opportunity to file a revised opposition that complies with Rule 56 and this court's Local Rules.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The November 29, 2011 order to show cause, Dckt. No. 63, is discharged.

2.  The hearing on defendants' motion for summary judgment, Dckt. No. 62, is continued to March 7, 2012.

3.  On or before February 15, 2012, plaintiff shall file a revised opposition to the motion, in compliance with Federal Rule of Civil Procedure 56 and Local Rule 260.

4.  Failure of plaintiff to comply with this order may be deemed a statement of non-opposition to the motion, and may result in a recommendation that the motion be granted and/or that this action be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules.

5.  Defendants may file a reply to plaintiff's opposition on or before February 22, 2012.

SO ORDERED.

DATED:  January 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE